UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANGELA McLIMANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-CV-154-HAB |
| | ) | |
| FORD MOTOR CREDIT COMPANY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff filed this Fair Credit Reporting Act (the "Act") case in Dekalb County, Indiana, Circuit Court. The case was then removed by Defendant. After removal, the parties identified a snag: the amended complaint, on its face, does not appear to establish Article III standing. (*See* ECF No. 15). This issue has now been raised in two separate filings. (ECF Nos. 14, 18). The Court has reviewed the record and agrees that standing is lacking.

Article III of the Constitution limits the "judicial Power of the United States" to "Cases" and "Controversies." From this text comes the standing doctrine, which "confines the federal courts to a properly judicial role" and "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–38 (2016). The "irreducible constitutional minimum of standing" requires the plaintiff or party invoking federal jurisdiction to demonstrate that he has suffered an injury in fact that is fairly traceable to the defendant's conduct and redressable by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The plaintiff "must establish standing at the time suit is filed and cannot manufacture standing afterwards." *Pollack v. U.S. Dep't of Just.*, 577 F.3d 736,

742 n.2 (7th Cir. 2009). The Article III standing inquiry "remains open to review at all stages of the litigation." *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994).

Like most cases brought for violation of the Act, standing in this case turns on the "foremost" requirement—injury in fact. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998). To establish injury in fact, a plaintiff must allege a "concrete and particularized" injury. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). An injury is particularized if it "affect[s] the plaintiff in a personal and individual way," *Lujan*, 504 U.S. at 560 n.1, and it is concrete if it is "real, and not abstract." *Spokeo*, 578 U.S. at 340 (internal quotation marks omitted). But a concrete injury need not be tangible; a risk of real harm can constitute concrete harm. *See id*. at 1549. For a statutory violation, a plaintiff does not automatically satisfy concreteness "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. That is because "a bare procedural violation, divorced from any concrete harm" cannot satisfy the injury-in-fact requirement. *Id*.

What matters for the standing analysis are the facts alleged in the operative complaint. *Pennell v. Global Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021); *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017). The Court has reviewed Plaintiff's Amended Complaint (ECF No. 15) and finds no basis for Article III standing. Plaintiff has alleged technical violations of the Act but identifies no resulting injury. Plaintiff requests "actual damages, statutory damages, [] punitive damages, and attorney fees," but these are little more than a list of damages available under the Act. Without more, the Court cannot find that Plaintiff has suffered an injury in fact that would support this Court's jurisdiction.

With no Article III standing, this Court has no choice of how to proceed; this case must be remanded to state court. *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018). Accordingly, this case is REMANDED to the Dekalb County, Indiana, Circuit Court.

SO ORDERED on October 25, 2021.

                                                  s/ Holly A. Brady
                                                 JUDGE HOLLY A. BRADY
                                                 UNITED STATES DISTRICT COURT